St. Louis Vandalia and Terre Haute Railroad Company

*v.*

Ludwig Kaulbrumer.

Trover—*whether it will lie.* In an action against a railroad company, it appeared the plaintiff had hauled out and delivered on the line of defendants' road a certain number of fence posts, for the purpose of selling the same, at a place where fence posts were delivered for and received by the builders of defendants' road; that the posts, without the knowledge or consent of the plaintiff, were loaded on a construction train on defendants' road and taken away and used, by the employees of McKeen, Smith & Co., to fence the defendants' road; that the defendants had made a contract with McKeen, Smith & Co., to construct and fence their road for a stipulated price, and for that purpose had given them the exclusive control over the road until its completion, all the earnings over and above the cost of operating the road, to be paid over by the contractors to the company; that before the institution of the suit the road had been fully completed and turned over to the defendants. The plaintiff had no contract with the defendants in regard to the posts : *Held*, the posts having been placed upon and attached to the lands of the defendants by the contractors, while they were operating the road and without the plaintiff's consent, thus becoming

a part of their realty and thereby being in the possession of the defendants, the plaintiff could maintain an action of trover against the company for the value of the posts.

APPEAL from the Circuit Court of Effingham county; the Hon. H. B. DECIUS, Judge, presiding.

Mr. JOHN SCHOLFIELD, for the appellants.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action instituted before a justice of the peace in Effingham county, brought by appellee to recover for a number of fence posts, used by appellants in fencing their track. A judgment was recovered against the road, and an appeal prosecuted to the circuit court, where the case was, by consent, submitted to the court without the intervention of a jury, on this agreed statement of facts :

"The plaintiff made and hauled out four hundred and eighty-four fence posts and delivered them on the line of the defendants' road to sell the same, at a place where fence posts were delivered and received by the builders of defendants' road. That about the 10th day of May, A. D. 1870, these 'ence posts were loaded on a construction train on defendants' ⌐ad, without plaintiff's knowledge, and taken away; that they were taken to fence defendants' road by the employees of McKeen, Smith & Co.; that plaintiff had no contract with the defendants with regard to the posts; that the posts then taken were worth thirty-eight dollars and seventy-two cents ; that the defendants made a contract in February, A. D. 1868, with McKeen, Smith & Co., to construct their road, and fence the same from East St. Louis to Terre Haute, for a stipulated price; that by said contract they were to have, and did exercise exclusive control over the defendants' road until its completion ; that during the construction of the road the contractors were to, and did pay over to the defendants all the earnings derived from transportation over operating expenses, being a small sum of money; that they fully completed the

construction of the road and turned it over to the defendants on the first day of July, A. D. 1870."

On these facts the court below found for the plaintiff, and rendered a judgment against defendants for $38.72 and the costs of suit, from which an appeal is prosecuted to this court, and a reversal is urged upon the ground that the facts fail to sustain the finding of the court.

It is not contested that McKeen, Smith & Co. were contractors for the construction of the railway fences, and for their completion they had the control of the railway for the time being, and whilst thus operating the road, they took and appropriated the posts in controversy, in erecting appellants' fences. And it is equally clear, that appellee's posts were, without his consent, used in constructing the fences. The posts were placed upon and attached to the land of appellants, and now constitute a part of their realty. They have been permanently annexed to it, and appellee could not reclaim his property without committing a trespass. But still he has a right to either recover his property or its worth. He did not lose his title to the posts, simply because McKeen, Smith & Co. committed a trespass in hauling them away from the place where appellee had deposited them.

Appellee could, no doubt, have maintained trespass, or trover, against the contractors after they took the posts, but like any other species of personal property, it could be followed and recovered from any person who had subsequently come into its possession. Appellants have received the posts from the contractors and still hold them, and no reason is perceived why trover will not lie for their recovery. And appellee has the undoubted right to treat his action, brought before the justice of the peace, as such an action, and the facts, as admitted, show a clear right to recover in that form of action. And to permit a recovery, it is by no means necessary to hold appellants liable for the trespasses committed by the contractors, but simply to require them to answer for the value of appellee's property, which they hold. The contractors, as all

know, could confer no higher or better title to the posts than they possessed, and the facts show they had none.

No question of a demand for the property, before bringing the suit, is made in the agreed statement of the facts. It seems that it was submitted on the agreement, that the case might be determined on its merits. Nor is that objection urged here. We are not inclined, when it seems to have been waived by appellants, to raise so technical an objection. The judgment of the court below must be affirmed.

*Judgment affirmed.*